NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| FANG YANG, | No. 15-71740 |
| Petitioner, | Agency No. A201-037-815 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2018**
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,*** Chief
District Judge.

Fang Yang, a citizen of China, petitions for review of the Board of

Immigration Appeal's ("BIA") decision affirming the Immigration Judge's ("IJ")

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*** The Honorable Dana L. Christensen, Chief United States District
Judge for the District of Montana, sitting by designation.

decision finding her ineligible for asylum as an alien who has been persecuted on account of religion under the Immigration and Nationality Act ("INA") § 208, 8 U.S.C. § 1158(b)(1). We have jurisdiction to review the BIA's final order of removal and denial of asylum under 8 U.S.C. § 1252, and we grant the petition for review and remand.

Because the BIA adopted and affirmed the IJ's decision, we treat the IJ's decision as that of the BIA. *See Sinha v. Holder*, 564 F.3d 1015, 1019–20 (9th Cir. 2009). We review questions of fact for substantial evidence. *See Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004). Where evidence may support a contrary finding but does not compel it, this Court does not reverse BIA decisions. *See* 8 U.S.C. § 1252(b)(4); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it.").

Substantial evidence does not support the IJ's conclusion that Yang failed to establish asylum eligibility on the basis of past persecution under 8 C.F.R. § 1208.13(b)(1). Yang, a practitioner of the religion I-Kuan Tao, was arrested along with other worshippers during a gathering at her grandfather's temple. Officers from the Yantai Public Security Bureau detained Yang for three days. During that time, the officers interrogated Yang and threatened to send her to an education camp, which is akin to jail. Yang was forced to squat facing a wall for

2

forty minutes. The officers also struck Yang in her face and kicked her in her thighs. The officers released Yang on the condition that she no longer attend I-Kuan Tao services and report weekly to the Public Security Bureau, which she did. Upon release, Yang was fired from her job for her participation in an "illegal evil cult organization." Taken together, these actions compel a finding of persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (concluding that the totality of the circumstances compelled a finding of persecution where petitioner was detained for a day and a half and coerced into signing a document saying he would no longer believe in Christianity). Accordingly, the BIA erred in concluding that Yang did not suffer past persecution.

Because we conclude that Yang has established past persecution, she is entitled to a rebuttable presumption of a well-founded fear of future persecution under 8 C.F.R. § 1208.13(b)(1). "The burden then shifts to the INS to show by a preponderance of the evidence that country conditions have changed to such an extent that the petitioner no longer has a well-founded fear that [s]he would be persecuted if [s]he were to return." *Duarte de Guinac v. I.N.S.*, 179 F.3d 1156, 1159 (9th Cir. 1999). However, because neither the IJ nor the BIA reached this question with the burden appropriately placed on the Government, we remand to the agency for a determination of whether the Government can rebut the presumption that Yang has a well-founded fear of future persecution. *See Guo*, 361

3

F.3d at 1204; *see also Chand v. I.N.S.*, 222 F.3d 1066, 1079 (9th Cir. 2000) ("[B]ecause neither the IJ nor the BIA found that the harm Chand suffered rose to the level of persecution, they did not accord Chand the presumption, and therefore did not consider whether changed conditions in Fiji were sufficient to rebut it.").

**PETITION GRANTED AND REMANDED.**